869 F.2d 1489
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James DIXON, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Respondent-Appellee.
 No. 88-5714.
 United States Court of Appeals, Sixth Circuit.
 Feb. 22, 1989.
 
 1
 Before RALPH B. GUY Jr. and ALAN E. NORRIS, Circuit Judges, and ROBERT HOLMES BELL, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals the district court's order dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1982, James Dixon was convicted on drug charges and sentenced to a ten year term of imprisonment. In 1985, he was released on parole. While on parole, however, Dixon committed additional federal drug offenses and, in July 1986, he was sentenced to serve concurrent nine (later reduced to six) year terms of imprisonment based on the new convictions. Subsequent to a hearing in May 1987, the Parole Commission determined that he would not receive credit for time on parole and that he must serve the 1982 and 1986 sentences consecutively.
 
 
 4
 In his petition for habeas relief, Dixon asserted that the Parole Commission's decision was arbitrary, capricious and contrary to established law. Dixon further complained that, although a parole violator warrant was issued against him in March 1986, he did not receive a revocation hearing until fourteen months later. The matter was referred to a magistrate who determined that the Parole Commission did not exceed its authority and that, because the parole violator warrant remained unexecuted, Dixon was not entitled to a prompt hearing on the parole violation charges.
 
 
 5
 Upon review we conclude that the district court did not abuse its discretion by denying the petition for a writ of habeas corpus. The Parole Commission may properly require that a sentence on a subsequent offense committed by a federal parolee should be served as a consecutive term. See 18 U.S.C. Sec. 4210(b)(2); King v. United States Parole Comm'n, 744 F.2d 1449, 1451 (11th Cir.1984).
 
 
 6
 Additionally, a rational basis exists in the record supporting the determination that the warrant remains unexecuted. See Hackett v. United States Parole Comm'n, 851 F.2d 127, 129 (6th Cir.1987) (per curiam). Contrary to Dixon's claim, he has no right to a prompt hearing prior to the execution of the warrant. See Moody v. Daggett, 429 U.S. 78, 86 (1976).
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation